UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE SERRANO,<br><br>    Plaintiff,<br><br>    v.<br><br>SCOTT RAWERS, et al.,<br><br>    Defendants. | Case No. 1:11-cv-00399-MJS (PC)<br><br>ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>(ECF No. 34.)<br><br>ORDER GRANTING PLAINTIFF'S REPLY MOTION<br><br>(ECF No. 42.)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR EVIDENTIARY HEARING AND FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 44.) |

## I. PROCEDURAL HISTORY

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 28 U.S.C. § 1983. (ECF No. 1 & 8.) The action proceeds on an Eighth Amendment claim against Defendant Lucas. (ECF No. 11.)

Before the Court is Defendant Lucas' September 16, 2014 motion for summary judgment on exhaustion grounds. (ECF No. 34.) Plaintiff opposes the motion. (ECF No. 37.) Defendant Lucas filed a reply (ECF No. 38.), and Plaintiff filed a sur-reply (ECF No. 42.).

Plaintiff's "reply motion" to Defendant's reply in support of his motion for summary judgment (ECF No. 42) was not authorized. Local Rule 230(*l*) permits only the filing of a response by the party opposing a motion and a reply by the moving party.

However, inasmuch as Defendant Lucas has not objected to Plaintiff's reply motion and Plaintiff is a *pro se* litigant, the Court will consider Plaintiff's sur-reply.

Also, before the Court is Plaintiff's motion for an evidentiary hearing and for appointment of counsel. (ECF No. 44.) Defendant Lucas did not respond to either motion.

These matters are deemed submitted.

## II.   LEGAL STANDARD – MOTION FOR SUMMARY JUDGMENT

Any party may move for summary judgment, and "[t]he [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed R. Civ. P. 56(c)(1).

"Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). If the burden of proof at trial rests with the nonmoving party, then the moving party need only point to "an absence of evidence to support the nonmoving party's case." *Id.* Once the moving party has met its burden, the nonmoving party must point to "specific facts showing that there is a genuine issue for trial." *Id.* (*quoting Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986)).

In evaluating the evidence, "the [C]ourt does not make credibility determinations or weigh conflicting evidence," and "it draws all inferences in the light most favorable to the nonmoving party." *Id.*

### III. PLAINTIFF'S CLAIMS

Plaintiff complains in his First Amended Complaint that Defendant Lucas failed to protect him on January 6, 2003, while he was a prisoner at Avenal State Prison ("ASP"). (ECF No. 6.) Plaintiff alleges that Defendant approached his cell and said, "we have a birthday surprise for you birthday boy." He then ordered Plaintiff out onto the yard where a riot ensued, during the course of which Plaintiff was shot in the head by a yard officer. According to Plaintiff, Defendant intended for him to be involved in an attack. Similar attacks had occurred on the yard before, and Defendant allegedly joked about Plaintiff entering the yard.

### IV. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

#### A. Legal Standard -- Exhaustion

The Prison Litigation Reform Act ("PLRA") stipulates, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Therefore, prisoners are required to exhaust all available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007).

"The primary purpose of a [prisoner's administrative] grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009). "A grievance need not include legal terminology or legal theories unless they are in some way needed to provide notice of the harm being grieved. A grievance also need not contain every fact necessary to prove each element of an eventual legal claim." *Id.* Instead, the grievance must alert "'the prison to the nature of the wrong for which redress is sought,'" *id.* at 1120 (*quoting Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)), and must give the prison an opportunity "to reach the merits of the issue." *Id.* at 1119.

A motion for summary judgment is the proper means to raise a prisoner's failure

to exhaust administrative remedies. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). Defendants have the burden of proving Plaintiff failed to exhaust available administrative remedies. *Id*. A defendant's burden of establishing an inmate's failure to exhaust administrative remedies has been characterized by the Ninth Circuit as "very low." *Albino v. Baca*, 697 F.3d 1023, 1031 (9th Cir. 2012). The "defendant need only show the existence of . . . [a grievance procedure] that the plaintiff did not use." *Id.* (*citing Hilao v. Estate of Marcos*, 103 F.3d 767, 778, n.5 (9th Cir. 1996)).

"If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." *Albino*, 747 F.3d at 1166. If material facts are disputed, summary judgment should be denied, and the district court should decide "disputed factual questions relevant to exhaustion . . . in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue." *Id.* at 1170-71.

**B.    Factual Background**

The event which gave rise to the Eighth Amendment claim in Plaintiff's First Amended Complaint occurred on January 6, 2003. Plaintiff filed his original complaint on April 20, 2006. Plaintiff filed numerous prison appeals during this time period, three of which (ASP-M-03-00415, ASP-03-01272, and COR-03-03869) he contends are relevant to the claims raised in his First Amended Complaint.

Plaintiff received a third level decision in Appeals ASP-03-01272 on August 22, 2003 and COR-03-03869 on March 1, 2004. In ASP-03-01272, Plaintiff complained that his due process rights were violated during the disciplinary hearing for his participation in the January 6, 2003 riot. COR-03-03869 is a medical appeal. Plaintiff complained that he was not receiving medical treatment for injuries sustained in the January 6, 2003 riot.

In Appeal ASP-M-03-00415, Plaintiff complained as follows:

Staff has been aware of the ongoing Gladiator Fights between the

4

> Southern Hispanic & white inmates on yard . . . This matter concerning the CC3 Yard has been brought up to ICC by many staff including Sergeant Lucas, a Regular in Ad-Seg unit, concerning security reasons. . . Accordingly negative results have been accuring on the CC3 yard between the South and white inmates . . . it is an ongoing factor that cf officers showed negative professionalism towards inmates conduct.  In regards to taking the Gladiator fights personally and setting up fights.  In awareness to the situation has been performing very unethical and unprofessional . . . Now due to all this cruel & unusual punishment I . . . was shot in the head.

(ECF No. 34-13 at 2-5.)  Plaintiff signed the Appeal on February 28, 2003 and requested that an investigation be conducted into correctional officers' unethical and unprofessional behavior against inmates.  Plaintiff was required to submit this Appeal within fifteen working days of the event or decision being appealed.  15 C.C.R. § 3084.1, et seq. (2003).  The Appeal is stamped with two dates of receipt – March 5, 2003 and March 6, 2003.  Appeals Coordinator R. Whatley responded to the Appeal and requested that Plaintiff clarify his request as to whether he had an issue with the situation on the Yard or with the attached Rules Violation Report.

The Appeals Office has no record of Plaintiff resubmitting Appeal ASP-M-03-00415.  Plaintiff submits a declaration attesting to the following:  1) prison staff lost the appeal, and so it failed to reach the final level of review or it was discarded at the final level of review, 2) he was required to mail the original appeal to the third level because prison staff did not allow him to make copies of documents not classified for "court", and, 3) because he did not think that a third level appeal would come up missing since it is a federal violation to tamper with inmate mail.

### C. Parties' Arguments

Defendant argues that Plaintiff did not obtain a third-level decision on any inmate appeal filed during the period from January 1, 2003 to April 20, 2006 that addressed the issues raised in his First Amended Complaint against Defendant Lucas.  Appeals ASP-03-01272 and COR-03-03869 do not raise the issues complained of in the instant action.  Appeal ASP-M-03-00415 was filed late, does not address Defendant Lucas'

5

failure to protect Plaintiff – it alleges that at least at one point in time Defendant Lucas attempted to stop the riots or "gladiator fights" at ASP – and was rejected at the first level of review.  Plaintiff presents no evidence to support his contention that the Appeal was denied at the second level of review and then lost in the mail.

Plaintiff contends that ASP-M-03-00415, ASP-03-01272, and COR-03-03869 all address the claims raised in his First Amended Complaint.  He received third level decisions in ASP-03-01272 and COR-03-03869.  ASP-M-03-00415 put the prison officials on notice of his health and safety concerns regarding the riots.  He argues it was timely because the riots and Defendant's unlawful actions were ongoing.  Even it if was not timely, Defendant waived the issue because the Appeal was reviewed on the merits at the second level of review.  It was denied at the second level, and prison officials lost it in the mail when he sent it on to the third level because he never received a response.  Therefore, the administrative grievance process was effectively unavailable to him for Appeal ASP-M-03-00415.

**D.   Analysis**

On review, the Court concludes that while Plaintiff's Appeals ASP-03-01272 and COR-03-03869 address issues stemming from the riot that occurred on January 6, 2003, neither addresses any correctional officer's failure to protect Plaintiff or purposefully place Plaintiff in harm's way.  Neither of these Appeals alerts "'the prison to the nature of the wrong for which redress is sought.'"  *Griffin*, 557 F.3d at 1120 (*quoting Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)).

On the other hand, Appeal ASP-M-03-00415 addresses the issues raised in Plaintiff's First Amended Complaint.  Plaintiff complains generally of correctional officers setting up the riot fights and exercising unethical and unprofessional behavior towards inmates.  Plaintiff did not need to identify Defendant Lucas as one of those correctional officers who committed such conduct on January 6, 2003, and thereby caused Plaintiff injury.  *See Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2004) ("Neither the PLRA itself

6

nor the California regulations require an inmate to identify responsible parties or otherwise to signal who ultimately may be sued") (*citing Jones v. Bock*, 549 U.S. 199, 217 (2007) ("[N]othing in the [PLRA] imposes a 'name all defendants' requirement.")). While Plaintiff's favorable statement regarding Defendant Lucas' attempt to stop the fights is difficult to reconcile with the claims in Plaintiff's First Amended Complaint, the potential, but not certain, conflict between the two is not before the Court for resolution now, and its existence does not negate the fact that Plaintiff's Appeal alerted the prison to the nature of the issues raised in his First Amended Complaint.

There is a genuine issue of material fact as to whether Plaintiff attempted to exhaust his administrative remedies on this Appeal but was prevented from doing so. Plaintiff contends that he attempted to appeal to the third level of review, but never received a response. He claims the prison officials either lost his appeal or discarded it, after having prevented him from copying it prior to sending it to the third level. Defendant responds by pointing out that the Appeals Office has no record of Plaintiff submitting any such Appeal, that Plaintiff's claims are entirely self-serving and uncorroborated by any third party or event, and that they are inconsistent with Plaintiff's having successfully filed two other appeals during the same time period.

Without examining all the facts and claims, weighing the evidence and making a finding as to the parties' relative credibility, the Court cannot resolve whether or not Plaintiff properly resubmitted his Appeal or was prevented from exhausting his administrative remedies. Such determinations cannot be made on a motion for summary judgment. *Soremekun*, 509 F.3d at 984.

Defendant also contends that Plaintiff submitted the Appeal on February 28, 2003, which was beyond the requisite fifteen day deadline; therefore, it could have been rejected on untimeliness grounds. However, the response by the Appeals Office does not indicate the Appeal was so rejected as untimely. The Court cannot grant

Defendant's motion on the hypothetical grounds that the appeal might have been rejected as untimely. There simply is no evidence before the Court that would indicate whether or not Plaintiff would have had a valid basis for submitting the Appeal late.

Therefore, Defendant's motion for summary judgment is DENIED.

## V.    MOTION FOR EVIDENTIARY HEARING

Plaintiff requests an evidentiary hearing to present witnesses to corroborate that officers lose grievances and to support his contention that administrative remedies were not effectively available to him. (ECF No. 44.) In light of the Court's denial of Defendant's motion for summary judgment, Plaintiff's request for an evidentiary hearing is also DENIED.

## VI.    MOTION FOR APPOINTMENT OF COUNSEL

Finally, Plaintiff seeks appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1), *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is

not exceptional. This Court is faced with similar cases almost daily. Based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. *Id.*

Accordingly, Plaintiff's motion for the appointment of counsel is DENIED, without prejudice.

### VII. CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendant's motion for summary judgment is DENIED;
2. Plaintiff's reply motion is GRANTED; and
3. Plaintiff's motion for an evidentiary hearing is DENIED and Plaintiff's motion for appointment of counsel is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   March 30, 2015                    /s/ *Michael J. Seng*
                                           UNITED STATES MAGISTRATE JUDGE