UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSIE L. SERRANO,<br><br>    Plaintiff,<br><br>v.<br><br>SCOTT RAWERS, et al.,<br><br>    Defendants. | CASE NO. 1: 11-cv-00399-MJS (PC)<br><br>ORDER DENYING DEFENDANT'S MOTION TO EXTEND DISPOSITIVE MOTION DEADLINE<br><br>(ECF No. 52) |

### I. PROCEDURAL HISTORY

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds against Defendant Lucas on Plaintiff's Eighth Amendment failure to protect claim. (ECF No. 11.)

On June 16, 2014, the Court issued a discovery and scheduling order, setting April 27, 2015 as the deadline for dispositive motions. (ECF No. 30.) On September 16, 2014, Defendant filed a motion for summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies. (ECF No. 34.) On March 30, 2015, prior to the deadline for dispositive motions, the Court denied Defendant's motion. (ECF No. 47.)

On May 4, 2015, the Court issued a second scheduling order, granted Defendant additional time to conduct Plaintiff's deposition, and set the matter for trial on November 12, 2015.  (ECF Nos. 48 & 49.)

Before the Court is Defendant's motion to act after expiration of time.  (ECF No. 52.)

## II.     MOTION TO MODIFY SCHEDULING ORDER

Federal Rule of Civil Procedure 16(b)(4) allows the Court to modify its scheduling order for good cause.  The "good cause" standard focuses primarily on the diligence of the party seeking the amendment.  *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir.1992).  "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  *Id.*  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification."  *Id.* Therefore, parties must "diligently attempt to adhere to th[e] schedule throughout the subsequent course of the litigation."  *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999).  The Court has wide discretion to extend time, *Jenkins v. Commonwealth Land Title Ins. Co.,* 95 F.3d 791, 795 (9th Cir. 1996), provided a party demonstrates some justification for the issuance of the enlargement order.  Fed. R. Civ. P. 6(b)(1); *Ginett v. Fed. Express Corp.,* 166 F.3d 1213 at 5* (6th Cir. 1998).

Here, Defendant seeks additional time, until July 20, 2015, to file a motion for summary judgment on the merits of Plaintiff's failure to protect claim.  In doing so, Defendant cites  to Fed. R. Civ. P. 6(b), which allows for extensions of time if a "party failed to act because of excusable neglect."  Defendant's counsel argues that "he inadvertently omitted" this request from his prior motion seeking an extension of time to take Plaintiff's deposition, that extending the deadline will not delay the trial, that his client should not be punished for his inadvertence, and allowing the extension could

enable the parties to forgo the expenditure of time and resources on a trial.  (ECF No. 52.)

Here, Defendant is seeking to modify the Court's scheduling order and the deadline for dispositive motions set therein.  Therefore, Federal Rule of Civil Procedure 16 and the "good cause" standard applies.  A counsel's inadvertence or carelessness fails to meet this standard.  *See Johnson,* 975 F.2d at 609.

**III.    ORDER**

Accordingly, it is HEREBY ORDERED that:

Defendant's motion to act after expiration of time is DENIED.  (ECF No. 52)

IT IS SO ORDERED.

Dated:    May 15, 2015                              /s/ *Michael J. Seng*
                                                                        UNITED STATES MAGISTRATE JUDGE