UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE L. SERRANO,<br><br>    Plaintiff,<br><br>v.<br><br>SCOTT RAWERS, et al.,<br><br>    Defendants. | CASE NO. 1:11-cv-00399-MJS (PC)<br><br>ORDER REGARDING *HECK* DEFENSE<br><br>(ECF No. 75) |

**I.   PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 1 & 8.) The action proceeds on Plaintiff's First Amended Complaint (ECF No. 6.) against Defendant Lucas for violation of Plaintiff's Eighth Amendment rights. (ECF Nos. 11 & 12.) The parties consented to Magistrate Judge jurisdiction. (ECF Nos. 4, 39, 46.)

In Defendant's pretrial statement, he contended that Plaintiff's suit is barred by *Heck v. Humphrey,* 512 U.S. 477 (1994) and sought dismissal. On September 17, 2015, the Court ordered the parties to brief the issue. (ECF No. 72.) Defendant filed a brief in

support of his contention that Plaintiff's suit is *Heck*-barred. (ECF No. 75.) Plaintiff responded. (ECF No. 79.) Defendant did not reply, and the time to do so has passed. The matter is deemed submitted. Local Rule 230(*l*).

## II. LEGAL STANDARDS

### A. *Heck* Bar

Often referred to as the *Heck* bar, the favorable termination rule bars any civil rights claim which, if successful, would demonstrate the invalidity of confinement or its duration. Such claims may be asserted only in a *habeas corpus* petition. *Heck v. Humphrey*, 512 U.S. 477, 489 (1994) (until and unless favorable termination of the conviction or sentence occurs, no cause of action under § 1983 exists); *see also Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) (the application of *Heck* "turns solely on whether a successful § 1983 action would necessarily render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement"); *see also Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (holding that a claim for monetary and declaratory relief challenging the validity of procedures used to deprive a prisoner of good-time credits is not cognizable under § 1983). A § 1983 action does not lie if there is "some nexus" between the plaintiff's claims and the "shortening [of] the length of confinement." *Nettles v. Grounds*, 788 F.3d 992, 1004 (9th Cir. 2015) (claim for expungement of a rules violation and restoration of lost good-time credits not cognizable under the federal habeas statute for inmate serving life with the possibility of parole; effect of loss of good-time credits on release from custody is "far too attenuated").

### B. Waiver

The *Heck* bar "den[ies] the existence of a cause of action." *Heck*, 512 U.S. at 489. Courts have dismissed claims as barred by *Heck* when raised in a motion to dismiss or in a motion for summary judgment determining either that Plaintiff failed to state a claim for relief or that the court lacks subject matter jurisdiction. *See Osborne v. Dist. Attorney's Office for the Third Judicial Dist.,* 423 F.3d 1050, 1052 (9th Cir.

2005) (reviewing dismissal for failure to state a claim for relief pursuant to *Heck*); *Jackson v. Barnes*, 749 F.3d 755, 759-60 (9th Cir. 2014) (reversing the granting of a summary judgment motion on *Heck* grounds); *Quintana v. Gates*, 2004 U.S. Dist. LEXIS 14886, *15-18 (C.D. Cal. 2004) (finding on summary judgment that *Heck* defense is not an affirmative defense, but "more closely resembles a jurisdictional barrier"). The defense that the court lacks subject matter jurisdiction over a plaintiff's claim "can never be forfeited or waived, and federal courts have a continuing, independent obligation to determine whether subject matter jurisdiction exists." *Mashiri v. Dep't of Educ.*, 724 F.3d 1028, 1031 (9th Cir. 2013); Fed. R. Civ. P. 12(h)(3). The defense of failure to state a claim for relief is preserved even if a party does not raise it until trial. Fed. R. Civ. P. 12(h)(2).

## III.   RELEVANT FACTS

Plaintiff complains in his First Amended Complaint that on January 6, 2003, Defendant Lucas violated Plaintiff's Eighth Amendment rights by failing to protect him while he was a prisoner at Avenal State Prison ("ASP"). (ECF No. 6.) Plaintiff alleges that Defendant approached his cell and said, "we have a birthday surprise for you birthday boy." (ECF No. 6 at 7.) He then ordered Plaintiff out onto the yard where a riot ensued, during the course of which Plaintiff was shot in the head by a yard officer. According to Plaintiff, Defendant intended for him to be the victim of an attack. Similar attacks had occurred on the yard before, and Defendant had allegedly joked about Plaintiff entering the yard.

Correctional Officer Bradley issued a Rules Violation Report ("RVR"), Log F5-03-01-012, against Plaintiff, charging him with participation in the riot in violation of Title 15, California Code of Regulations, Section 3005(c). At the time of the RVR, Section 3005(c) stated, in relevant part, that:

> "[i]nmates shall not willfully commit or assist another person in the commission of a violent injury to any person or

> persons . . . nor attempt or threaten the use of force or violence upon another person. Inmates shall not willfully attempt to incite others . . . to use force or violence upon another person."

15 C.C.R. § 3005(c) (2003); (ECF No. 75 at 4 n.1.); *see also Silva v. Salazar*, 2011 U.S. Dist. LEXIS 84284, at *3 n. 2 (C.D. Cal. March 16, 2011).

Lieutenant Brennan found Plaintiff guilty. The guilty finding was based, in part, upon Plaintiff "positively identif[ying] himself on the video as one of the Southern Hispanic Inmates who attacked the White Inmates on the Administrative Segregation Yard," and the determination that the "riot was orchestrated by the Southern Hispanic Inmates, of whom Inmate Serrano was one." (ECF No. 75 at 16.) Plaintiff was assessed a 90-day forfeiture of credits.

## IV.   PARTIES' ARGUMENTS

Defendant argues that Plaintiff's action is barred by *Heck* because his success on the failure to protect claim (that Defendant knew rioting would occur if Hispanics and Whites were put on the yard together and purposefully placed Plaintiff on the yard knowing of the risk of harm to him) negates the disciplinary finding that Plaintiff instigated the fighting. That finding has not been overturned or otherwise invalidated. Defendant further contends that the argument has not been waived because it is considered a failure to state a claim defense, which can be raised at trial.

Plaintiff seeks to strike Defendant's motion. He argues that *Heck* does not apply because his request for relief seeks monetary damages, not release from prison or to invalidate the disciplinary action. Plaintiff further contends that Defendant waived the argument by not raising it via a Fed. R. Civ. P. 12(b)(6) motion, and the Court denied Defendant's motion to modify the scheduling order to allow him to file a motion for summary judgment.

## V. ANALYSIS

### A. Motion to Strike

The Court ordered the parties to brief the issue of whether Plaintiff's claims are *Heck*-barred and whether Defendant waived the defense by not raising it earlier.  (ECF No. 72.)  Plaintiff seeks to strike Defendant's brief.

The Court is not going to strike a brief the Court ordered Defendant to file. Plaintiff's request to strike is denied.

### B. Waiver

Whether the Court construes Defendant's *Heck*-bar defense as a grounds for dismissal based on a failure to state a claim for relief or a jurisdictional barrier to Plaintiff's claims is of no consequence.  Federal Rule of Civil Procedure 12 allows either ground to be raised at this stage in the proceedings.  While it may have been much more efficient for Defendant to have raised the defense sooner, his failure to do so does not affect a prohibition of the right to raise it; it may be raised through trial.  *See* Fed. R. Civ. P. 12(h)(2)(C).

### B. *Heck* Bar

Before it can determine whether *Heck* bars Plaintiff's failure to protect claim, the Court needs to know what Plaintiff's sentence is and whether his loss of good-time credits "would *necessarily* affect the duration of [his] confinement."  *Nettles v. Grounds*, 788 F.3d 992, 1004 (9th Cir. 2015) (finding that a *habeas* petition does not lie where the lost good-time credits would not necessarily accelerate the future date of release); *but, c.f., Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (holding that a claim for monetary and declaratory relief challenging the validity of procedures used to deprive a prisoner of good-time credits is not cognizable under § 1983).

Defendant fails to address this issue.  He simply concludes that since loss of the credits stand, the action necessarily is *Heck*-barred.  However, the record is unclear as

to Plaintiff's sentence and whether regaining his loss of good-time credits will <u>necessarily</u> result in a speedier release.

Plaintiff testified to the following at his deposition:

Q:  What does that mean?  What does it mean to lose credits?

A:  They take time away from you.

Q:  So that means you've got to stay in prison longer than you otherwise would?

A:  90 more days.

…

Q:  When do you think you are going to get out of prison?

A:  . . . I might not make it home.  I might get life.  I might go home. . .

(Pl's. Dep., ECF No. 62 at 51, 104.)

Generally, an inmate's loss of good-time credits will result in a longer term of incarceration.  However, this is not always the case, and it is not clear what Plaintiff means by "I might get life."  *See Nettles*, 788 F.3d at 1004.  The Court cannot determine whether Plaintiff's claim is *Heck*-barred on the record before it.

## VI.    CONCLUSION AND ORDER

Accordingly, it is HEREBY ORDERED THAT:

1. Defendant's motion to dismiss Plaintiff's claim as *Heck*-barred is DENIED, without prejudice. (ECF No. 61 at 11; ECF No. 75.)  Defendant is granted **fourteen (14) days** from the date of service of this order to file additional briefing and evidence of Plaintiff's sentence, when it was imposed, what his expected release date is, and further argument, if any, regarding how Plaintiff's loss of good-time credits will necessarily affect the duration of his confinement.  All facts upon which Defendant relies to support his *Heck*-bar claim shall be set forth in a separate Statement of Undisputed Facts.

2. Plaintiff is granted **seven (7) days** from the date of service of Defendant's additional brief to file a response.

3. The Court will analyze Defendant's *Heck*-bar motion as if it were raised in a motion for summary judgment. Therefore, pursuant to *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012), *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988), the Court hereby notifies Plaintiff of the following rights and requirements for opposing the motion:

   a. The parties will brief the motion as ordered above.

   b. Such a motion is a request for judgment without trial, and in favor of Defendant, on some or all of Plaintiff's claims. Fed. R. Civ. P. 56(a). Defendant's motion and additional briefing will set forth all facts which he contends are not reasonably subject to dispute and that entitle him to judgment as a matter of law. Fed. R. Civ. P. 56(c). This is called the statement of undisputed facts. Local Rule 260(a).

   c. Plaintiff has the right to oppose the motion. Plaintiff may agree with the facts set forth in Defendant's motion but argue that Defendant is not entitled to judgment as a matter of law. In the alternative, if Plaintiff does not agree with the facts set forth in Defendant's motion, he may show that Defendant's facts are disputed in one or more of the following ways: (1) Plaintiff may rely upon statements made under the penalty of perjury in the complaint or the opposition if (a) the complaint or opposition shows that Plaintiff has personal knowledge of the matters stated and (b) Plaintiff calls to the Court's attention those parts of the complaint or opposition upon which Plaintiff relies; (2) Plaintiff may serve and file declarations setting forth the facts which Plaintiff believes prove his claims;[1] (3) Plaintiff may rely upon written records but Plaintiff

---

[1] A declaration is a written statement setting forth facts (1) which are admissible in evidence, (2) which are based on the personal knowledge of the person giving the statement, and (3) to which the person giving the statement is competent to testify. 28 U.S.C. § 1746; Fed. R. Civ. P. 56(c)(4). A declaration must be dated and signed under penalty of perjury as follows: "I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)." 28 U.S.C. § 1746.

7

must prove that the records are what he claims they are;[2] or (4) Plaintiff may rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding. Should Plaintiff fail to contradict Defendant's motion with declarations or other evidence, Defendant's evidence will be taken as truth, and final judgment may be entered without a full trial. Fed. R. Civ. P. 56(e).

    d. In opposing Defendant's motion, Local Rule 260(b) requires Plaintiff to reproduce Defendant's itemized facts in the statement of undisputed facts and admit those facts which are undisputed and deny those which are disputed. If Plaintiff disputes (denies) a fact, he must cite to the evidence used to support that denial (e.g., pleading, declaration, deposition, interrogatory answer, admission, or other document). Local Rule 260(b).

    e. Unsigned declarations will be stricken, and declarations not signed under penalty of perjury have no evidentiary value.

    f. The failure of any party to comply with this Order, the Federal Rules of Civil Procedure, or the Local Rules of the Eastern District of California may result in the imposition of sanctions including but not limited to dismissal of the action or entry of default.

IT IS SO ORDERED.

Dated:  December 23, 2015      /s/ *Michael J. Seng*
                                                                   UNITED STATES MAGISTRATE JUDGE

---

[2] Sworn or certified copies of all papers referred to in the declaration must be included and served on the opposing party. Fed. R. Civ. P. 56(c).

8