UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSIE L. SERRANO, | 1:11-cv-00399-EPG-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS FOR COURT-APPOINTED COUNSEL |
| vs. | (ECF Nos. 93, 99.) |
| SERGEANT JEFFERY L. LUCAS, | |
| Defendant. | |

This case is scheduled for trial on March 8, 2016. On February 4, 2016 and February 17, 2016, Plaintiff filed motions for the appointment of counsel. (ECF Nos. 93, 98.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success

of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, Plaintiff argues that exceptional circumstances exist because he has been relying on other inmates to litigate for him and has no one to help him prepare for trial. Plaintiff also asserts that he has been diagnosed with neurological impairment resulting from a gunshot to his head, and he takes two types of seizure medications. Further, Plaintiff asserts that he is a mental health prisoner and is taking psychiatric medications. Plaintiff contends that there is a high probability he will succeed on the merits at trial, because Defendant admits that Plaintiff was severely beaten by inmates and shot on the top of his head by officers.

Plaintiff has not set forth any evidence that he was diagnosed with neurological impairment, and his recent handwritten motions do not reflect mental impairment. That said, Plaintiff's physical and mental issues and lack of knowledge alone do not make Plaintiff's case exceptional. Even if Defendant agrees that Plaintiff was injured, the fact that Plaintiff suffered injuries does not prove that Defendant failed to protect Plaintiff. The Court cannot find that Plaintiff is likely to prevail on the merits at trial. Plaintiff's failure-to-protect claims are not complex, and based on Plaintiff's participation in the January 25, 2016 telephonic hearing, it appears that Plaintiff can adequately articulate his claims. Thus, the Court does not find the required exceptional circumstances, and Plaintiff's motions shall be denied.

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's motions for the appointment of counsel, filed on February 4, 2016 and February 17, 2016, are DENIED.

IT IS SO ORDERED.

Dated:   **February 24, 2016**                    /s/ Erica P. Grosjean
                                                  UNITED STATES MAGISTRATE JUDGE