UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSIE L. SERRANO,<br><br>               Plaintiff,<br><br>     vs.<br><br>SERGEANT JEFFERY L. LUCAS,<br><br>               Defendant. | 1:11-cv-00399-EPG-PC<br><br>ORDER RE ADMISSIBILITY OF PLAINTIFF'S RULES VIOLATION REPORTS AT TRIAL |

This civil rights action, brought pursuant to 42 U.S.C. § 1983, proceeds on the First Amended Complaint filed by state prisoner Jessie L. Serrano ("Plaintiff") on April 14, 2011, against defendant Sergeant Jeffery L. Lucas ("Defendant"), for failure to protect Plaintiff, in violation of the Eighth Amendment. (ECF No. 6.)[1] This case is presently set for trial on March 8, 2016, before Magistrate Judge Erica P. Grosjean.[2]

On February 26, 2016, the Court issued an order for Defendant to file further briefing on the admissibility of Plaintiff's Rules Violations Reports (RVR) at trial, specifically two RVRs included on Defendant's exhibit list: (1) Rules Violation Report FC-01-09-0018, heard

---

[1] On June 24, 2013, Plaintiff notified the Court that he wished to proceed only on the cognizable failure to protect claim against defendant Lucas. (ECF No. 12.)

[2] The parties to this action have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c). (ECF Nos. 4, 39.)

1

on October 16, 2001, and (2) Rules Violation Report F5-03-01-012, heard on January 28, 2003. (ECF No. 110.)  On March 1, 2016, Defendant submitted a brief.  (ECF No. 111.)

Defendant seeks to introduce two Rules Violation Reports as evidence that Plaintiff orchestrated fighting with other inmates on the yard.  As Defendant describes, "it shows that Serrano was not only convicted of participating in a riot, he was found to have orchestrated it." (ECF No. 111, p.2)  Defendant also asserts that Plaintiff has a long history of rules violations during his confinement in prison, and that numerous RVRs have been issued to Plaintiff.

Upon consideration, the Court finds the RVRs to be inadmissible at trial under Rules 403, 404, 701 and 801 of the Federal Rules of Evidence.  The conclusions as to the cause of the riots in these reports were based on investigation in the prison.  To admit such opinions usurps the province of the jury.  In this case, the jury will determine issues related to the cause of Plaintiff's injuries based on the evidence presented based on the rules of evidence.  To admit an opinion of prison officials concerning the same events is more prejudicial than probative and improperly attempts to supplant the opinion of the prison officials for the conclusions of the jury.

Specifically, defendant seeks to use the RVRs to show who caused the fight that is at issue in this case.  As an initial matter, such evidence is inadmissible hearsay because it is "a statement that (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c).  Here defendant seeks to introduce the RVRs to prove the truth that Serrano orchestrated the riot at issue in the case.  It is thus inadmissible under Fed. R. Evid. 801(c).

Defendant asks to admit the RVRs under the hearsay exception in Federal Rule of Evidence 801(6), which allows admission of "a record of an act, event, condition, opinion, or diagnosis if (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (C) making the record was a regular practice of that activity; . . . (E) the opponent does not show

that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness." Fed. R. Evid. 803(6).  The Court finds that this exception is inapplicable. The RVRs were not made at or near the time of the riot—they were conclusions following an investigation by the prison.  They were also created by the prison that employed defendant. Given that defendant's credibility is a central issue in this case, it follows that a report by the prison that employed the defendant would be subject to similar challenge by Plaintiff. Moreover, the RVRs are not the type of opinion that falls into a business record.  They are not inherently reliable records—they are rather an opinion of the prison regarding who was to blame after an internal investigation.

Defendant next argues that the RVRs are excepted from the hearsay rule as public records under Rule 803(8).  Rule 803(8), Public Records, provides an exception to the hearsay rule for "[a] record or statement of a public office if: (A)  it sets out (i) the office's activities; (ii) a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or (iii) in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and (B) the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness." Fed. R. Evid. 803(8).  Here, the relevant part of the RVRs do not contain factual findings—they contain opinions about the cause of the riot.

Even if defendant put forth a witness to testify as to the contents of the RVR, and the conclusions reached, such a statement would be inadmissible opinion.  Under Federal Rule of Evidence 701 "[i]f a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge . . . ." Fed. R. Evid. 701.  Here, the conclusion of the RVRs is inadmissible opinion as to the cause of the riot by someone who is not an expert witness.

In any event, the Court concludes that the RVR is more prejudicial than probative. Under Rule 403, "[t]he Court may exlude relevant evidence if its probative value is

substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury . . . ." Fed. R. Evid. 403.  Here, there is substantial risk that presenting the opinion of the prison as to the cause of the riot would be more prejudicial than probative.  In this trial, there will be substantial presentation of evidence to the jury to allow them to form their own opinion as the application of the facts to the law.  It is likely that the jury would be inclined to side with the conclusions in the RVR, and abandon their independent view of the evidence and the law, if such conclusions were admitted.  Such a result would deprive the Plaintiff of his right to a trial on the evidence presented to the jury.

Finally, Defendant seeks to admit an RVR from an unrelated incident that occurred on September 15, 2001, a year a half earlier than the incident in question.  Defendant claims that the earlier incident, and the conclusion regarding blame for that incident, is relevant because "it shows a pattern of conduct by Serrano and his intent to attack other inmates . . . ." (ECF No. 111, at 2).  Federal Rule of Evidence 404(b) states "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b).  Such evidence may be admissible for "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed R. Evid. 404(b).  It appears that Defendant seeks to admit evidence of an earlier incident to show that Plaintiff had the type of character that made him attack other inmates.  This is precisely the type of evidence prohibted by Rule 404.  Nor does Defendant seek to use such RVR for any permissible purpose.  It shall be excluded for that reason as well.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's RVRs are not admissible as evidence at trial for this case, as discussed in this order.

IT IS SO ORDERED.

Dated:   **March 7, 2016**                              /s/ Erica P. Grosjean
                                                        UNITED STATES MAGISTRATE JUDGE